UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS GERARDO PAZ-REGALADO,

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-03810-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 1)

On May 18, 2026, petitioner Jesus Gerardo Paz-Regalado, A-File No. 249-001-034, filed a combined petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE") and a temporary restraining order seeking his immediate release from custody.  (Doc. No. 1.)  On May 19, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided.  (Doc. No. 3.) In the same order, the court further indicated that if it determined that petitioner was entitled to the relief sought in his temporary restraining order, then the court would rule on the merits of the underlying petition.  (*Id.*)  The court further directed respondent that if opposed the court ruling on the underlying petition based upon the briefing presently before the court respondent must so

1

indicate in the opposition and provide substantive reasons in support of that position in the opposition. (*Id.*)

On May 20, 2026, respondent filed an opposition to the pending motion arguing that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 5 at 1–3), an argument that the court has previously rejected on several occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent did not state any opposition to the court ruling on the merits of the petition based upon the current briefing. Accordingly, the court will rule directly on the petition.

The circumstances surrounding petitioner's immigration history are not entirely clear. Petitioner alleges that he entered the United States in 1999 and has continuously resided in this country for over two decades. (Doc. No. 1 at 9.) However, respondent submits petitioner's Form I-831 documentation which details his immigration history. (Doc. No. 5-1.) The Form I-831 reports that on or about September 19, 2024, petitioner was apprehended by ICE officials at or near an ICE field office in Lubbock, Texas, then placed into removal proceedings, and issued a notice to appear. (Doc. No. 5-1 at 2.) That form also reports that petitioner's last date of entry into this country was September 1, 2010. (*Id.*) Nonetheless, petitioner was ultimately released from immigration detention custody after his September 2024.[1]

On or about March 3, 2026, petitioner was re-detained by ICE officials after he presented himself in-person at the Dallas, Texas ICE field for a mandatory check-in appointment. (Doc. Nos. 1 at 9; 5-1 at 3.) There is no indication that petitioner has been provided with a bond hearing since his re-detention on March 3, 2026. On April 28, 2026, petitioner was ordered

---

[1] While none of the evidence filed in support of the parties' briefing reveals the circumstances surrounding petitioner's release, it almost certainly is the case that at some point after his September 2024 encounter with immigration authorities, petitioner was released from custody pursuant to 8 U.S.C. § 1226(a). The Form I-831 reports that petitioner was taken into custody from the "non-detained" lobby at a Dallas, Texas ICE field office on March 3, 2026 (Doc. No. 5-1 at 2) and an arrest warrant was issued pursuant to § 1226(a) on the same day (Doc. No. 5-1 at 3). *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1117 (E.D. Cal. 2025) ("The use of a warrant is strong evidence that petitioner may be detained, if at all, only pursuant to section 1226(a).").

removed to Mexico by an immigration judge ("IJ").  (Doc. No. 5-4.)  On April 28, 2026, petitioner timely appealed the IJ's order to the Board of Immigration Appeals ("BIA"), and that appeal remains pending.  (Doc. No. 5-5.)

As a preliminary matter, petitioner is not in post-removal proceedings because his appeal of the IJ's final removal order remains pending before the BIA.  *See Garcia v. Albarran*, No. 3:25-cv-10617, 2025 WL 3558838, at *1 (N.D. Cal. Dec. 12, 2025) (concluding that a petitioner is not subject to a final order of removal where they timely appeal an IJ's removal order to the BIA, are "still awaiting adjudication[,] and has no final set date for a decision[.]").  Further, having considered the circumstances surrounding petitioner's re-detention and the parties' arguments, the court finds instructive its reasoning in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK, 2025 WL 3187578, at *2–5 (E.D. Cal. Nov. 14, 2025) which is incorporated here, and concludes that petitioner's re-detention without a pre-deprivation hearing violates due process.

For the reasons above,

1. Petitioner's petition for writ of *habeas corpus* and motion for temporary restraining order (Doc. No. 1) is GRANTED in part:

 a. The petition for writ of *habeas corpus* is GRANTED as follows:

  i. Respondent is ORDERED to immediately release petitioner Jesus Gerardo Paz-Regalado, A-File No. 249-001-034, from respondent's custody;

  ii. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

 b. Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order granting of the petition for writ of *habeas corpus* on the merits;

3

2.     The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

3.     The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 21, 2026**                         _____
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE